UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**DAVID BARBEE**, on behalf of
himself and those similarly situated,

                                                **CASE NO: 3:19-cv-00045-TCB**

    Plaintiff,
v.

**MERIWETHER COUNTY, GEORGIA**

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DAVID BARBEE ("Barbee"), on his own behalf and on behalf of others similarly situated (collectively "Plaintiffs"), and Defendant, MERIWETHER COUNTY, GEORGIA ("Meriwether" or "Defendant") (Plaintiffs and Defendant collectively "the Parties"), file this Joint Motion for Approval of the Parties' Settlement in the above-captioned matter.

The Parties attach hereto as **EXHIBIT A** the Settlement Agreement executed by the Parties.

1

## **Legal Principles.**

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against their current/former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues, although arguably Plaintiffs and the putative class can be said to be receiving full relief without compromise, even after the payment of attorneys' fees and costs. Plaintiffs

and Defendant discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations, and after a full-day mediation presided over by former judge and experienced mediator, Jack Kirby (telephonically) in LaGrange, Georgia.

## II.     The Disputed Issues In The Adversarial Action At Hand.

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiffs' FLSA claims.  The Parties agree that the instant adversarial action involves disputed factual and legal issues, including:  (i) whether or not Plaintiffs, who are current/former employees employed by Defendant, were subject to the FLSA's partial exemption as "firefighter" employees employed by a county fire department; (ii) how overtime damages, if any, were to be calculated under the FLSA; (iii) whether Plaintiffs are entitled to recover liquidated damages, and in what amount; (iv) the statute of limitations applicable to the instant claims (i.e. whether Defendant's

violations were willful); and (v) whether and to what extent Defendant was entitled to an offset for alleged overpayments in non-overtime workweeks.

Defendant denied the allegations made by Plaintiffs. If Defendant had prevailed on some or all of their defenses, Plaintiffs would have received less damages than they are receiving under the settlement agreement, or perhaps nothing at all. Additionally, Defendant asserted "good faith" and alleged reasonable grounds existed for its pay policies which could have precluded Plaintiffs from recovering liquidated damages (i.e., double damages) under the FLSA. *See* 29 U.S.C. § 260.

The Parties ultimately recognized the inherent risks in proceeding with litigation. For Plaintiffs, that risk included the distinct possibility that they might recover nothing or far less than they are recovering under the settlement; for Defendant, that risk included the prospect that Plaintiffs' recovery might exceed that which they have agreed to pay in the settlement.

Neither party was willing to accept the inherent litigation risks. Therefore, the Parties conducted initial discovery and eventually agreed to engage in formal settlement discussions at mediation. While at mediation, the Parties reached a settlement. The Parties agree that the terms of settlement reached reflect a reasonable "give-and-take" on the major issues

in dispute. Specifically, Defendant has agreed to pay Plaintiffs all of the overtime that they claimed was due to them, as well as portion of their claimed liquidated damages. Similarly, Plaintiffs have agreed to accept less than the maximum damages they initially sought, albeit in an amount that pays Plaintiffs for substantially all of their damages claimed. Based on the terms of the settlement, Plaintiffs will receive overtime compensation for all alleged overtime hours they worked during the relevant time period, going back three years from the date the named-Plaintiff filed the lawsuit.

The Parties reviewed and assessed the potential risks of litigation with their respective counsel. The Parties agree that the negotiated terms of settlement, as summarized below, reflects a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interest.

**III.     Terms of Settlement.**

    **A.     The Common Fund**

The Parties have agreed to settle Plaintiffs' claims for a total common fund of $115,000. The breakdown of the common fund is as follows:

        i.     $74,750 for payments to the Plaintiff Class ("Plaintiff Class Fund"); and

    ii.  $40,250 for attorneys' fees, expenses and taxable costs.

In order to arrive at the common fund amount, the Parties used Plaintiffs' actual hours worked, as documented in Defendant's records, and Plaintiff's actual hourly (and overtime) rates of pay.

  **B.**  **Calculation of Payments to Settlement Class Members**

With respect to the amount set aside for the settlement class members (i.e., $74,750), each class member is receiving 100% of his or her claimed overtime damages, and approximately 15% of his or her claimed liquidated damages.

  **C.**  **Attorneys' Fees & Costs**

Plaintiffs' counsel will receive $40,250 in attorneys' fees and costs/expenses, an amount that equates with fees in an amount approximating one-third of the common fund. The Eleventh Circuit has agreed that "attorneys who create a common fund are entitled to be compensated for their efforts from a reasonable percentage of that fund." *Stahl v. Mastec, Inc.*, 2008 WL 2267469, *1 (M.D. Fla. 2008); citing *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common

7

fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."). This Court has stated:

> The following factors are considered in determining the appropriate percentage of the common fund to be awarded as fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. [citing *Camden, supra*] Notably, the Supreme Court and the Eleventh Circuit have held that it is appropriate that the attorney's fees be awarded on the entire Maximum Gross Settlement Amount even though amounts to be paid to settlement class members who do not file a claim form will remain the sole and exclusive property of the defendant.

*Stahl, Id.* (citations omitted). Here, the Plaintiffs agree that 33% of the common fund is a reasonable percentage for attorneys' fees. Defendant has no position on the matter. Plaintiffs' counsel has extensive experience litigating FLSA collective actions, and the results in this matter warrant such an amount, given Defendant's vigorous defense and the exceptional results obtained on behalf of Plaintiffs.

Case law from throughout the country supports the payment of attorneys' fees as a percentage of the total common fund. *See Prasker v. Asia Five Eight LLC, et. al*, 2010 WL 476009, *6 (S.D.N.Y. 2010) (stating that "[i]n wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award" and awarding an attorney fee payment of $346,500 out of the common fund of $1,050,000 (33%)); *Duchesne v. Michael Cetta, Inc., et. al.,* 2009 WL 5841175, *3 (S.D.N.Y. 2009) (approving attorney fees of $1,015,000 out of a common fund of $3,150,000, or 32.2%, and stating that the "percentage of recovery" method is consistent with the trend in the Second Circuit); *Faltaous v. Johnson and Johnson, et. al.*, 2007 WL 3256833, *10 (D.N.J. 2007) (stating that "attorneys' fees of approximately 30 percent of the common fund are also regularly awarded in labor and employment law class actions.") (internal citations omitted); *Mohney v. Shelly's Prime Steak, Stone Crab &Oyster Bar*, 2009 WL 5851465, *5 (S.D.N.Y. 2009) (awarding 33% of common fund of $3,265,000.00 as attorneys' fees); *Stahl,* 2008 WL 2267469 at *2 (M.D. Fla. 2008) (Judge Whittemore approving attorney fees of $3,744,500.00 out of a common fund of $13,137,365.00); *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177 (S.D.N.Y 2009) (awarding attorneys' fees of 33 1/3% from

common fund of $710,000.00); *Noell v. Suncruz Casinos*, 2009 WL 541329, *1 (M.D. Fla. 2009) (Judge Moody approving attorney fee payment of 30% of the common fund in a WARN Act case); and *Moultry v. Cemex, Inc.*, 8:07-cv-453-T-MSS (August 20, 2008) (Scriven, Mag. J.) (awarding 32.25% of the common fund as attorneys' fees); *Kimmel et al., v. Venture Construction Co.*, Case No. 1:10-cv-01388-RLV-WEJ, Docs. 69, 70 (N.D. Ga. Nov. 4, 2010)(approving common fund class settlement on behalf of class of construction superintendents).

"[O]ne purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Manual for Complex Litigation*, 4th § 14.121. The Eleventh Circuit has stated "from the beginning and throughout the case, expertise in negotiations and tactics often advances a client's cause more quickly and effectively than the sustained and methodical trench warfare of the classical litigation model." *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1988).

Here, Plaintiffs' counsel efficiently resolved this matter while recognizing Defendant's interest in avoiding additional time defending the

matter, which would have increased Defendant's investment in the defense of the case and potentially decrease the settlement funds available to the settlement class. Defendant's counsel asserted vigorous defenses to Plaintiffs' claims, defenses which could have presented a *total defense* to the overtime claims at issue in this litigation. Despite these potential defenses, Plaintiffs' counsel pursued Plaintiffs' claims and successfully negotiated a very favorable settlement. Plaintiffs' counsel was required to locate and interview numerous witnesses, discussed the facts of the case with each of the opt-ins, and undertook substantial research to prove this case. Plaintiffs, and opt-in Plaintiffs have all benefited from Plaintiffs' counsel's efforts. All these factors warrant that attorneys' fees and costs (including costs of administration and time still to be incurred to administer the settlement) in this matter be calculated at 33% of the common fund claimed by settlement class members. The Plaintiffs agree this is a fair and reasonable amount to be allocated for costs.

## IV.      **Conclusion.**

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved in this Circuit. The Parties jointly and respectfully request that this Court approve

the settlement agreement between the Parties, and dismiss this action with prejudice. The Parties agree that this is a fair settlement and that it is in both of their best interests to resolve this matter, pay the settled claims, and dismiss this matter.

| | |
|---|---|
| **/s/ *ANDREW R. FRISCH*** <br> Andrew R. Frisch <br> GA Bar No. 366105 <br> MORGAN & MORGAN, P.A. <br> 600 N. Pine Island Road, Suite 400 <br> Plantation, FL 33324 <br> Telephone: (954) WORKERS <br> Facsimile: (954) 333-3515 <br> Email: afrisch@forthepeople.com <br><br> *Attorney for Plaintiffs* | **/s/ Michael H. Hill** <br> Nathan T. Lee <br> Michael H. Hill <br> Glover & Davis, P.A. <br> 10 Brown Street, <br> Newnan, Georgia 30263 <br> nlee@gloverdavis.com <br> mhill@gloverdavis.com <br> (770) 686-6000 <br><br> *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been filed using the CM/ECF filing system, which I understand will send a notice of electronic filing this 14th day of May 2020, to all parties and counsel of record.

/s/ *ANDREW R. FRISCH*
Andrew R. Frisch